J-S28035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRIAN S. GALLMAN, | |
| Appellant | No. 885 EDA 2015 |

Appeal from the PCRA Order February 26, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0205651-1993

BEFORE:  BOWES, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED APRIL 12, 2016**

Appellant, Brian S. Gallman, appeals *pro se* from the order denying and dismissing his fifth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In an earlier appeal, a panel of this Court summarized the factual and procedural history of this case as follows:

> On October 10, 1992, the victim [Eric McKill] . . . stop[ped] his jeep and approached [Appellant] and [his co-defendant] Vann.  Words were exchanged for a few minutes, then the victim turned to walk back to his jeep.  At that point Vann directed [Appellant] to "give it to him," whereupon [Appellant] drew a gun from his jacket pocket and fired several shots at the victim.

---

[*] Retired Senior Judge assigned to the Superior Court.

> . . . The victim was then transported to the hospital where he subsequently died.
>
> . . . [Appellant] admitted that he knew the victim was unarmed when he shot him.

***Commonwealth v. Gallman***, 838 A.2d 768, 770 (Pa. Super. 2003) (citation omitted), *appeal denied*, 848 A.2d 928 (Pa. 2004).

On March 11, 1996, a jury convicted [Appellant] of murder of the first degree and possessing an instrument of crime (PIC).[1] On July 10, 1996, the trial court sentenced [Appellant] to life in prison for murder of the first degree and to a concurrent sentence of [eleven and one-half] months to [sixty] months of incarceration for PIC. [On September 11, 1997,] this Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal [on September 8, 1998]. ***Commonwealth v. Gallman***, 704 A.2d 161 (Pa. Super. 1997) (unpublished memorandum), *appeal denied*, 727 A.2d 1117 (Pa. 1998). [Appellant] did not seek review in the United States Supreme Court.

On February 28, 2001, [Appellant] filed his first PCRA petition, and the PCRA court appointed counsel, who filed an amended petition. The PCRA court concluded the petition was untimely and dismissed it. This Court affirmed, and the Pennsylvania Supreme Court denied [Appellant's] petition for allowance of appeal. ***Commonwealth v. Gallman***, 838 A.2d 768 (Pa. Super. 2003), *appeal denied*, 848 A.2d 928 (Pa. 2004).

On May 26, 2004, [Appellant] filed a second petition, which the PCRA court dismissed as untimely, and this Court, on October 26, 2005, affirmed the dismissal. ***Commonwealth v. Gallman***, 889 A.2d 112 (Pa. Super. 2005) (unpublished memorandum).

On November 24, 2008, [Appellant] filed a third PCRA petition, and amended it on April 14, 2009, following the PCRA court's notice of intent to dismiss without a hearing. On July 13, 2009, the PCRA court dismissed the petition as untimely. [Appellant] appealed, and this Court, on March 15, 2011,

---

[1] 18 Pa.C.S.[A.] §§ 2502(a), 907(a), respectively.

affirmed, and the Pennsylvania Supreme Court, on September 19, 2011, denied allowance of appeal. **Commonwealth v. Gallman**, 26 A.3d 1192 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 29 A.3d 795 (Pa. 2011).

(**Commonwealth v. Gallman**, 3343 EDA 2011, unpublished memorandum at *1-3 (Pa. Super. filed May 15, 2012)).

On September 30, 2011, Appellant filed his fourth petition, which the PCRA court dismissed as untimely on December 8, 2011. On May 15, 2012, this Court affirmed the dismissal. (**See Commonwealth v. Gallman**, 50 A.3d 242 (Pa. Super. 2012) (unpublished memorandum)).

On May 22, 2012, Appellant filed the instant fifth PCRA petition *pro se*. On August 24, 2012, Appellant filed a supplemental petition. On November 3, 2014, the PCRA court issued a Rule 907 notice of its intent to dismiss without a hearing. **See** Pa.R.Crim.P. 907(1). On February 26, 2015, the PCRA court dismissed the petition as untimely. This timely appeal followed.[2]

Appellant raises three questions on appeal:

I. Did the PCRA court abuse its discretion, when dismissing Appellant's fifth petition for post conviction collateral relief as untimely?

II. Did the PCRA court abuse its discretion in not holding a hearing in Appellant's fifth petition for newly discovered [facts]?

---

[2] Appellant filed his notice of appeal on March 19, 2015. The PCRA court did not order him to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). The PCRA court did not file a Rule 1925(a) opinion. **See** Pa.R.A.P. 1925(a).

III. Did Appellant plead and prove a layer[ed] ineffective assistance of all prior counsel?

(Appellant's Brief, at 3) (emphases and unnecessary capitalization omitted).[3,4]

Our standard and scope of review for the denial of PCRA relief are well-settled.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

**Commonwealth v. Reed**, 107 A.3d 137, 140 (Pa. Super. 2014) (citation omitted).

Before we are able to consider the merits of Appellant's claim on appeal, "[w]e must first address whether Appellant satisfied the timeliness

---

[3] The Commonwealth did not file a brief in this matter.

[4] On December 11, 2015 this Court entered a *Per Curiam* order granting Appellant's request to file a supplemental brief. (**See** Order, 12/11/15). On December 30, 2015, Appellant filed a supplemental brief, which attempts to challenge the PCRA court's dismissal of his third PCRA petition. (**See** Supplemental Brief, at 3-8). Because Appellant's supplemental brief does not address his current petition on appeal, we do not consider the issues raised therein because they are not properly before this Court.

requirements of the PCRA." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014). "The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely." ***Id.*** (citation omitted).

The PCRA provides, in pertinent part, that:

(1) Any petition under this [PCRA] subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), (2).

"A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." ***Lawson***, ***supra*** at 5 (citation and internal

quotation marks omitted); *see* 42 Pa.C.S.A. § 9545(b)(3). "The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions." *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012) (citation omitted).

Appellant's judgment of sentence became final on December 7, 1998, ninety days after the Pennsylvania Supreme Court affirmed his sentence, when the time for filing a petition for writ of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13(1). Therefore, he had one year from that date to file a petition for collateral relief unless he pleaded and proved that a timing exception applied. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Hence, Appellant's current petition, filed on May 22, 2012, is untimely on its face and we will only review its merits if he pleads and proves one of the statutory exceptions to the time-bar.

Appellant's petition attempts to claim the application of both the newly recognized constitutional right exception, 42 Pa.C.S.A. § 9545(b)(1)(iii), and the newly-discovered facts exception, 42 Pa.C.S.A. § 9545(b)(1)(ii). (*See* Petition, 5/22/12, at 1-4). The PCRA court dismissed Appellant's petition as untimely, finding that he did not adequately prove the existence of a newly recognized constitutional right.[5]

---

[5] Although the PCRA court did not address Appellant's argument that he was also entitled to review pursuant to the newly-discovered facts exception,
*(Footnote Continued Next Page)*

Appellant first asserts that his petition should not be dismissed as untimely because he has pleaded and proven the newly-discovered facts exception to the PCRA time-bar. (**See** Appellant's Brief, at 6-8). Specifically, he argues that his diagnosis of post-traumatic stress disorder (PTSD) is a newly discovered fact, which constitutes an exception to the time-bar. We disagree.

"[S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence." **Commonwealth v. Brown**, 111 A.3d 171, 176-77 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1197 (Pa. 2015) (emphases and citation omitted).

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have obtained the new fact(s) earlier with the exercise of due diligence.

**Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa. Super. 2010), *appeal denied*, 20 A.3d 1210 (Pa. 2011) (citations omitted).

_____
(Footnote Continued) ⎯⎯⎯⎯⎯⎯⎯⎯

"this Court may affirm a PCRA court's decision on any grounds if the record supports it." **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013) (citation omitted).

Here, Appellant has failed to prove either component of subsection (b)(1)(ii). **See Brown**, **supra** at 176-77. His petition merely alleges that, in 2012, he was diagnosed with PTSD and that he did not know that he had PTSD prior to this.[6] (**See** Petition, 5/22/12, at 4). He fails to allege that he exercised due diligence in discovery of this fact. (**See id.**); **see also Monaco**, **supra** at 1083 (holding that petitioner's diagnosis of PTSD did not satisfy newly discovered facts exception where Petitioner had not exercised due diligence in obtaining diagnosis after he suspected that he suffered from condition).

Furthermore, although Appellant claims that he "never knew he had PTSD or suspected [he] suffered from PTSD," (**see** Petition, 5/22/12, at 4), he nevertheless argues that the fact he had PTSD would have been "readily available had [trial] counsel interviewed [his] family and friends[,]" (Appellant's Brief, at 10).

Accordingly, Appellant has failed to satisfy the requirements of the newly-discovered facts exception and the PCRA court properly dismissed his

_____

[6] Notably, the documentation that Appellant attached to his petition in support of his diagnosis states that "[Appellant] screened positive for PTSD based on the PCL," a screening administered in March 2012 which considered "self-report measure of PTSD symptoms . . . in relation to 'stressful experiences' over the past month." (Appellant's Brief, at Exhibit A). This diagnosis would not prove whether Appellant suffered from PTSD when he shot and killed Mr. McKill in 1993.

petition as untimely.  **See Brown**, **supra** at 176-77; **Reed**, **supra** at 140; **Monaco**, **supra** at 1080.

Next, Appellant claims that his petition should not have been dismissed as untimely because the newly recognized constitutional right exception to the PCRA time-bar should apply.  (**See** Petition, 5/22/12, at 1-3).  We note that Appellant failed to address this argument in his brief, (**see** Appellant's Brief, at 6-8), and accordingly it is waived.  Moreover, even if not waived, Appellant would not be entitled to application of the exception.

In his petition, Appellant alleges that he is entitled to review because **Missouri v. Frye**,[7] and **Lafler v. Cooper**,[8] announced newly recognized constitutional rights, which he argues should retroactively apply to his case. (**See** Petition, 5/22/12, at 1-3).  In his supplemental petition, he similarly claims that **Miller v. Alabama**,[9] announced a new constitutional right under

---

[7] **Missouri v. Frye**, 132 S. Ct. 1399 (2012) (holding that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused.").

[8] **Lafler v. Cooper**, 132 S. Ct. 1376 (2012) (holding that in order to show he was prejudiced by counsel's deficient performance in advising him to reject a plea offer, appellant must show that but for such ineffective assistance, he would have accepted the offer, trial court court would have accepted its terms, and conviction or sentence would have been less severe).

[9] **Miller v. Alabama**, 132 S. Ct. 2455 (2012) (holding that "mandatory life-without-parole sentences for juveniles violate the Eighth Amendment.").

which he is entitled to relief. (**See** Supplemental Petition, 8/24/12). However, Appellant did not seek, nor was he given leave of court to file a supplemental petition.[10]

Appellant has failed to plead and prove the applicability of Section 9545(b)(1)(iii).

> When a petition is otherwise untimely, to obtain PCRA relief under the exception for a newly recognized constitutional right, a petitioner has the burden to plead and prove that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

**Reed**, **supra** at 141 (emphasis, citation, and quotation marks omitted).

---

[10] It is well-settled that a PCRA petitioner must seek leave of court to supplement a PCRA petition, and claims raised in an unauthorized supplemental petition are waived. **See Commonwealth v. Mason** ___ A.3d ___, 2015 WL 9485173, at *12-13 (Pa. filed December 29, 2015). Because Appellant did not have leave of court to file his supplemental petition, he has waived that claim.

Moreover, our review of the record confirms, and Appellant, who was born October 29, 1973, concedes that he was eighteen years old when he shot and killed Mr. McKrill on October 10, 1992. (**See** Appellant's Brief, at 4; Arrest Report, 10/24/92). Therefore, because Appellant was not a juvenile offender, the holding in **Miller** would not apply. **See Miller**, **supra** at 2460; **see also Commonwealth v. Cintora**, 69 A.3d 759, 764 (Pa. Super. 2013), *appeal denied*, 81 A.3d 75 (Pa. 2013) (refusing to extend **Miller** to individuals eighteen years of age and older at time of commission of crimes). Accordingly, even if not waived, Appellant would not have met his burden of pleading and proving an exception to the PCRA time-bar. **See Lawson**, **supra** at 5; (PCRA Ct. Op., at 1, 2 n.1).

This Court has held that "neither *Frye* nor *Lafler* created a new constitutional right." *Commonwealth v. Feliciano* 69 A.3d 1270, 1277 (Pa. Super. 2013) (footnote omitted). Rather, they "simply applied the Sixth Amendment right to counsel, and the *Strickland*[11] test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand[.]" *Id.* Accordingly, Appellant has failed to prove that the newly recognized constitutional right exception applies. *See Reed*, *supra* at 141.

Appellant's fifth PCRA petition does not plead or prove any exception to the PCRA time-bar; therefore the PCRA court properly dismissed it as untimely. Neither the PCRA court nor this Court has jurisdiction to address the substantive claims raised. *See Lawson*, *supra* at 4; *Rykard*, *supra* at 1183.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/12/2016

---

[11] *Strickland v. Washington*, 466 U.S. 668 (1984).